**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID TREECE, # B-26491,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-cv-01302-JPG** |
| | ) | |
| **DR. VERNERIO SANTOS,** | ) | |
| **BRAD ROBERTS, TERRY DEAN,** | ) | |
| **BENJAMIN SCOTT, DEBRA MALLOY,** | ) | |
| **MARK BURTON,** | ) | |
| **and CHRISTOPHER PITTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Western Illinois Correctional Center ("Western"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a four year sentence for aggravated battery. His claims arose while he was housed at Centralia Correctional Center ("Centralia"). Plaintiff claims that numerous Defendants violated his constitutional rights by denying him adequate medical treatment for a broken leg, by failing to investigate a grievance regarding his lack of medical care, by issuing two disciplinary tickets against Plaintiff in retaliation for grievances he filed, and by denying Plaintiff the opportunity to be heard during the ensuing disciplinary proceeding. Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 11). He also seeks an injunction requiring his referral to a medical specialist (Doc. 1, p. 11).

Specifically, Plaintiff alleges that on April 2, 2012, he sustained a broken leg after slipping and falling in a spill at Centralia's dining hall (Doc. 1, p. 5). Defendant Scott, Centralia's dietary manager, was aware of the spill and took no action to clear it or warn others

of it (Doc. 1, p. 4). Defendant Santos, a physician at Centralia, subsequently declined to examine Plaintiff's leg, x-ray it, or prescribe adequate pain medication (Doc. 1, p. 5). Instead, he recommended increased exercise, which exacerbated Plaintiff's leg injury and caused back pain (Doc. 1, p. 5). On April 5th,[1] Plaintiff filed a grievance with Centralia's warden, Defendant Roberts, who declined to investigate the matter (Doc. 1, p. 6). On April 11th and 18th, Plaintiff met with Dr. Garcia,[2] another Centralia physician, who ordered an x-ray of Plaintiff's leg after initially diagnosing him with a sprain and deferring to Defendant Santos' treatment plan (Doc. 1, pp. 6-7). The x-ray, completed on April 21st, revealed a broken leg (Doc. 1, p. 7). Defendant Santos released Plaintiff from care on May 23rd before Plaintiff's leg healed (Doc. 1, p. 8).

Defendants Dean and Malloy allegedly retaliated against Plaintiff for filing grievances, by issuing Plaintiff two disciplinary tickets for failure to follow a medical order and for providing false information (Doc. 1, p. 8; Doc. 8-1, p. 8). In addition, Defendant Dean falsified Plaintiff's medical records (Doc. 1, pp. 5-6). Defendant Burton, an adjustment committee officer, found Plaintiff guilty of both violations, without allowing Plaintiff to offer his own written or verbal defense and without allowing Plaintiff to call any witnesses on his behalf (Doc. 1, p. 9). Defendant Pitts, a Centralia correctional officer, relayed the news of this outcome to Plaintiff (Doc. 1, p. 9). The complaint does not state what punishment resulted.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendant Santos for deliberate indifference to Plaintiff's serious medical needs (Count 1). The Court also finds that Plaintiff

[1] All dates in this paragraph refer to events which occurred in 2012.
[2] Plaintiff did not name Dr. Garcia as a defendant.

has stated a claim against Defendants Malloy and Dean for retaliation, based on his allegations that both Defendants issued Plaintiff disciplinary tickets in retaliation for his decision to file grievances (Count 2).

However, Plaintiff has failed to state an actionable claim against Defendant Scott based on allegations of negligence (Count 3). A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes,* 64 F.3d 285, 290 (7th Cir. 1995). "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (inmate injured in a fall caused when guard negligently left a pillow on a stairway). Accordingly, this claim shall be dismissed without prejudice.

Plaintiff raises no colorable claim against Defendant Roberts based on his alleged failure to investigate one of Plaintiff's grievances (Count 4). The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Defendant Roberts is "personally responsible for the deprivation of a constitutional right." *Id.* Plaintiff's request for an injunction also does not warrant Defendant Roberts' inclusion in this matter because Plaintiff is not currently incarcerated at Centralia, where Defendant Roberts serves as warden. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Accordingly, Plaintiff's claims against Defendant Roberts shall be dismissed with prejudice.

Plaintiff has also failed to state a retaliation claim against Defendant Pitts (Count 5). Plaintiff has failed to assert any allegations suggesting that Defendant Pitts had any personal involvement in a constitutional deprivation or retaliation when conveying the results of the

adjustment committee's decision to Plaintiff. He also cannot be held liable for failing to "correct" the unconstitutional action of Defendants Malloy or Dean, because he had no personal involvement in that alleged retaliation. This claim shall be dismissed with prejudice.

Finally, Plaintiff's allegations against Defendant Burton regarding the deprivation of a liberty interest without due process fail to state a claim upon which relief may be granted, and shall be dismissed without prejudice (Count 6). Plaintiff alleges that Defendant Burton denied Plaintiff any opportunity to provide written or oral testimony at a disciplinary hearing before finding him guilty of the alleged violations. In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). These procedural protections include advanced written notice of the charge, the right to appear before the hearing panel and present a defense, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed. *Id.* The decision to impose discipline must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). In his complaint, Plaintiff has alleged that the hearing did not comply with the *Wolff* requirements in two respects – he was unable to present his defense or call witnesses. However, Plaintiff still does not have a viable claim for a constitutional violation.

Plaintiff's complaint failed to identify what punishment resulted from the adjustment committee's determination. However, according to an exhibit submitted by Plaintiff, it appears that his punishment consisted only of a one month demotion to C-grade (Doc. 8-1, p. 17). When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that

the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff's apparent demotion to C-grade for one month does not rise to the level of an actionable constitutional deprivation. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Plaintiff's claims against Defendant Burton are dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 2) shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for further consideration.

Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 6). Along with this motion, Plaintiff submitted an affidavit stating that he has no employment, has received no income for the last twelve months beyond his state stipend, and has no assets or cash on hand. However, he has not tendered an updated certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement from Western for the six-month period immediately preceding the filing of this case, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward the initial partial filing fee to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is

paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 6) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Western.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice. **COUNTS 4**, **5**, and **6** are **DISMISSED** with prejudice.

**DEFENDANT SCOTT** is **DISMISSED** from this action without prejudice. **DEFENDANTS ROBERTS, PITTS,** and **BURTON** are **DISMISSED** from this action with prejudice.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS SANTOS**, **MALLOY**, and **DEAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 28, 2013**

s/J. Phil Gilbert
**U.S. District Judge**