IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID TREECE, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   12-cv-1302-PMF |
| ) | |
| vs. ) | |
| ) | |
| DR. VERNERIO SANTOS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are defendant Vernerio Santos' second motion for sanctions and oral motion to dismiss failure to prosecute (Doc. No. 89, 95).  On October 7, 2014, plaintiff David Treece was ordered to show cause why this action should not be dismissed on two grounds: as a sanction for his failure to comply with a June 16, 2014, discovery order or for failure to prosecute. A response was due by October 21, 2014.   Plaintiff did not file a timely response.

Dismissal for want of prosecution is an extraordinarily harsh sanction that is reserved for situations where there is a clear record of delay or contumacious conduct or less drastic sanctions have been unavailing.  *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008).   The Court should evaluate all circumstances, including the frequency of plaintiff's failure to comply with deadlines, responsibility for mistakes, any effect on the judicial calendar, any prejudice caused to the defense, merit of the underlying claim, and any social objectives represented by the suit.  *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

There is a clear record of delay.  Plaintiff failed to appear for his deposition on two occasions: April 23, 2014 and August 15, 2014.   The April 23, 2014, date was a rescheduled date, suggested by plaintiff and arranged to accommodate plaintiff's work obligation.   Both depositions were properly noticed.   On both occasions, plaintiff failed to contact defense counsel in advance to advise that he would not be present.   Plaintiff also failed to appear for the Final Pretrial Conference, and failed to provide defense counsel with information to include in a

proposed Final Pretrial Order.   Plaintiff also failed to comply with an Order directing payment of initial partial appeal fee (Doc. No. 83).   Although plaintiff was reportedly employed, he has made no payments towards his filing fee in the past year.   He made no payments towards his appeal fee.

Low level sanctions were tried and were not effective.   On June 16, 2014, plaintiff was directed to reimburse defense counsel's reasonable fees for the first missed deposition.   Plaintiff was also directed to appear for his deposition on a date and time mutually agreed by the parties. Plaintiff did not comply with either directive.   Monetary sanctions are generally not as effective when the litigant sanctioned is proceeding as a pauper.   *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011).

The defendant has been prejudiced by plaintiff's conduct.   Deposition fees and expenses have been incurred twice, without any reimbursement from plaintiff.   Additional fees were incurred when defense counsel travelled to attend the Final Pretrial Conference (Doc. No. 98). The period for exchanging discovery has closed and the deadline for filing dispositive motions has passed.   Plaintiff's failure to provide his deposition testimony has interfered with defense counsel's efforts to gather and evaluate relevant information and prepare timely motions. Plaintiff's failure to appear at the Final Pretrial Conference caused additional delay in resolving this litigation.

Plaintiff bears primary responsibility for all delays.   Plaintiff has or might attribute delay to three things: confusion regarding the date and time of the first deposition, symptoms of mental illness interfering with his attendance of the second deposition, and incarceration interfering with his attendance at the Final Pretrial Conference.   Because plaintiff had written notice of his first deposition, any confusion could have been resolved by checking the notice to confirm the correct date.   While plaintiff may suffer from some symptoms of mental illness, his description of his symptoms is not well-supported.   The record has been reviewed.   Documents on file, considered with plaintiff's history of interaction with the Court and with defense counsel show a fair level of

mental competence. There are no convincing findings demonstrating ailments or symptoms that would likely interfere with deposition attendance or testimony – certainly nothing to explain why plaintiff failed to contact defense counsel with notice that he would not be attending the second deposition. While plaintiff's most recent incarceration did interfere with his attendance at the Final Pretrial Conference, this is also plaintiff's fault. It appears that plaintiff's mandatory supervised release was revoked, presumably as a result of plaintiff's own misconduct. Plaintiff failed to promptly notify the Court and defense counsel of these events. Public records maintained by the Illinois Department of Corrections indicate that plaintiff was last admitted on September 17, 2014. He did not advise the Court or defense counsel of his new address until October 7, 2014. This delay violates the scheduling order, which directed address change updates within 7 days (Doc. No. 29).

Important social objectives are not represented by this action. Plaintiff is challenging the sufficiency of medical attention given for a personal injury. A successful outcome would benefit plaintiff. The outcome would not extend a benefit to other individuals.

Considering all relevant circumstances, the motions (Doc. Nos. 89, 95) are GRANTED. This action is DISMISSED on two grounds: as a sanction for plaintiff's conduct of disobeying a discovery order and for his failure to prosecute his claim in compliance with Court orders and instructions. Fed. R. Civ. P. 37(b), 41(b). Judgment shall enter on Count 1 in favor of the defendants. Costs are assessed against the plaintiff and in favor of defendant Santos.

**IT IS SO ORDERED.**

**DATED:   October 23, 2014**

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
